IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREGORY MARLOW,<br><br>    Plaintiff,<br><br> v.<br><br>VINCENT S. CULLEN, et al.,<br><br>    Defendants. | No. C 10-01417 JF (PR)<br><br>ORDER REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP"). (Docket No. 3.) The Court orders Defendants to address whether Plaintiff's motion should be denied pursuant to 28 U.S.C. § 1915(g) by filing a motion to dismiss or a notice that such motion is unwarranted.

**DISCUSSION**

A.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions,

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). And as the text of § 1915(g) makes clear, the court may count as strikes dismissals of district court cases as well as dismissals of appeals. See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)).

The Ninth Circuit in Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) ("Andrews I"), implicitly allowed the district court to raise the § 1915(g) problem sua sponte, but required the district court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. See id. at 1120. It appears that Plaintiff has previously filed several complaints wherein he was denied IFP status. See, e.g., CV 99-02565 CW (PR); CV 99-03611 CW (PR); CV 00-00511 CW (PR). Accordingly, the Court directs Defendants to either (1) move to dismiss the complaint pursuant to 28 U.S.C. § 1915(g), or (2) inform the court that Defendants are of the opinion that a motion to dismiss thereon is unwarranted in this case.

"[I]f defendants challenge a prisoner-plaintiff's IFP status, then the initial production burden rests with the defendants. . . . [T]he defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions" that can be counted under § 1915(g). Andrews I, 398 F.3d at 1120. Sometimes, the docket sheet may provide enough information to show the dismissal satisfies at least one of the § 1915(g) criteria but if it does not reflect the basis for the dismissal, the defendants may not simply rest on the fact of the dismissal and must instead produce court records or other documentation that will allow the district court to

1 determine that the prior case was dismissed because it was frivolous, malicious or failed
2 to state a claim. Id.; see, e.g., id. at 1120-21 (docket sheets that showed the several cases
3 that were dismissed were adequate proof of only the one case that the docket sheets
4 showed was dismissed for failure to state a claim under Rule 12(b)(6); remanding case for
5 the court to review the orders of dismissal and other relevant information for the other
6 cases to see if they could count as strikes).

7      "Once the defendants have met this initial burden, the burden then shifts to the
8 prisoner, who must attempt to rebut the defendants' showing by explaining why a prior
9 dismissal should not count as a strike." Id. at 1120.   The prisoner must be given notice of
10 the potential disqualification under § 1915(g) -- by either the district court or the
11 defendants – but the prisoner bears the ultimate burden of persuasion that § 1915(g) does
12 not bar pauper status for him. Id.

13      If it is determined that Plaintiff has had three or more prisoner actions/appeals
14 dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to
15 state a claim upon which relief may be granted, Plaintiff may proceed in forma pauperis
16 in this action only if he is seeking relief from a danger of serious physical injury that is
17 "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d
18 Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999);
19 Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883,
20 885 (5th Cir. 1998).  The plain language of the imminent danger clause in § 1915(g)
21 indicates that "imminent danger" is to be assessed at the time of filing of the complaint.
22 See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("Andrews II").   The
23 conditions that existed at some earlier or later time are not relevant. See id.; see id. at
24 1053 n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly
25 existed may have made moot his request for injunctive relief against the alleged danger,
26 but it does not affect the § 1915(g) analysis).
27 ///
28 ///

**CONCLUSION**

1. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendant Warden Vincent S. Cullen** at **San Quentin State Prison**. The Court will determine whether the remaining defendants should be served after the issue of Plaintiff's pauper status has been resolved.

2. Defendant shall file with the Court and serve upon Plaintiff, within **forty-five (45) days** of the date he is served with this order, a motion to dismiss the complaint pursuant to 28 U.S.C. § 1915(g), or a notice that Defendant is of the opinion that a motion to dismiss is unwarranted.

3. If Plaintiff wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the Court and serving it upon Defendant **within thirty (30) days** of his receipt of the motion to dismiss.

4. Defendant <u>shall</u> file and serve a reply **within fifteen (15) days** of receipt of Plaintiff's opposition.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. If Defendant notifies the Court that a motion to dismiss is unwarranted or the motion is denied, the Court will then conduct a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915A(a).

IT IS SO ORDERED.

DATED: 8/23/10

JEREMY FOGEL
United States District Judge

Order Requesting Motion to Dismiss
P:\PRO-SE\SJ.JF\CR.10\Marlow01417_re3x.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES G. MARLOW,

        Plaintiff,

v.

VINCENT S. CULLEN, et al.,

        Defendants.

Case Number: CV10-01417 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/25/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Gregory Marlow E-32700
CSP-San Quentin
CA State Prison at San Quentin
San Quentin, CA 94974

Dated: 8/25/10

Richard W. Wieking, Clerk