UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES GREGORY MARLOW,           No. C-10-1417 EMC (PR)

    Plaintiff,

    v.

VINCENT S. CULLEN, *et al.*,          **ORDER OF DISMISSAL**

    Defendants.
_____/

## I. INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendants have filed a motion to deny Plaintiff's request to proceed *in forma pauperis* ("IFP"), and a motion to dismiss the action because Plaintiff has failed to exhaust his administrative remedies. For the reasons stated herein, Defendants' motion to deny Plaintiff's application for IFP status is **GRANTED**, Plaintiff's motion to proceed IFP is **DENIED**, and the action is **DISMISSED**. Defendants' motion to dismiss on exhaustion grounds is **DENIED** without prejudice.

## II. DISCUSSION

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *See id.* Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar IFP status for him. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

In the instant matter, a review of the dismissal orders in Plaintiff's prior prisoner actions in the Northern District reveals that Plaintiff has had at least four such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Defendants have given Plaintiff notice that the following four dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Marlow v. Calderon, et al.*, No. 98-622 CW (civil rights action claiming "hypnotic psychotherapy, psychoanalysis, wavelength induction mindwashing"); dismissed for failure to state a claim); (2) *Marlow v. Calderon*, No. 98-821 CW (civil rights action claiming prisoners being poisoned, suicides being staged, correctional officials using

"microbroadcasting f.m. radio" as "high tech type ego-hunger, aggression induced wear down gestalt therapy); (3) *Marlow v. Morris*, C 98-1006 CW (civil rights action alleging claims against private actors); and (4) *Marlow v. Morris*, C 98-1719 CW (civil rights action alleging claim against private actor).

Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. *Andrews*, 398 F.3d at 1052–53. Plaintiff alleges in his complaint that (1) Associate Warden Curzon told him that prison staff were permitted to punch him if he did not follow orders, the same staff controlled inmate appeals, and that the prison psychology staff will provide the "correctional terminator's cover story"; (2) Dr. Ponath threatened to work with prison staff to silence Plaintiff and that there was no evidence that prison staff killed inmates; and (3) unnamed persons "keep playing w/me," and "[p]romising to hang me, shoot me, pepper spray me with death, or beat me to death."

Plaintiff has not shown that he was in danger of serious physical injury at the time he filed his complaint. First, Plaintiff allegations describe at most verbal threats of possible physical harm at some unknown time, possibly by unknown persons. Second, Plaintiff has made identical claims in his numerous prior complaints, s*ee, e.g., Marlow v. Calderon*, C 98-4793 CW (death threats and staged suicides), and never has come to any harm.

In view of this, Defendants' motion to deny Plaintiff's IFP application (Docket No. 56) is GRANTED, and, accordingly, Plaintiff's IFP application (Docket No. 5) is DENIED. The Court finds that, pursuant to *Andrews*, Plaintiff has been given notice of the potential applicability of § 1915(g) by Defendants in their motion requesting the Court to revoke Plaintiff's IFP status. 398 F.3d at 1121. Rather than filing a proper opposition, Plaintiff has sent several letters that the Court will construe as an opposition. A review of these letters shows that Plaintiff has failed to meet his burden of showing that § 1915(g) does not bar IFP status for him. Therefore, a dismissal under § 1915(g) is proper because Plaintiff has had an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120.

1     Accordingly, this action is hereby DISMISSED without prejudice to Plaintiff's filing a
2 motion to reopen no later than 30 days from the date of this order accompanied by the full filing fee
3 of $350.00. *See* 28 U.S.C. § 1915(g).

4     Defendants' motion to dismiss on grounds of exhaustion is DENIED without prejudice. If
5 Plaintiff moves to reopen and pays the filing fee, the Court will direct Defendants to renew their
6 exhaustion motion.

7     This order disposes of Docket Nos. 5 and 56.

8     The Clerk shall enter judgment in favor of Defendants, and close the file.

10     IT IS SO ORDERED.

12 Dated: May 9, 2012

_____
EDWARD M. CHEN
United States District Judge